Robert E. FUESTON, Plaintiff,

v.

LYKES BROTHERS STEAMSHIP COMPANY, INC., Defendant.

No. C 81–4738 SAW.

United States District Court, N.D. California.

Nov. 1, 1982.

---

Thomas Boyle, Law Offices of Marvin I. Barish, San Francisco, Cal., for plaintiff.

Lillick, McHose & Charles, John H. Riddle, Michael P. Schibly, San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

WEIGEL, District Judge.

Prior to his accident, plaintiff was employed by defendant as an able bodied seaman. On April 17, 1981, plaintiff fell and was injured while working aboard defendant's vessel, the SS Ashley Lykes. Plaintiff brought this suit under the Jones Act, 46 U.S.C. § 688, and under general maritime law, alleging that his injuries were caused by unseaworthy conditions aboard defendant's vessel and by defendant's failure to provide plaintiff with a reasonably safe place to work. Defendant now moves for summary judgment.

The facts are not in dispute. On the morning of April 17, 1981, while the vessel was docked at the port of Long Beach, California, plaintiff was on the main deck of the vessel preparing the vessel to take on cargo under the direction of the ship's bosun. The bosun was preparing to store a length of cable by winding it onto a cable drum using a power winch. The cable drum was located on the "top platform" two levels above the main deck, and immediately above the "winch deck." As the bosun began rolling the cable onto the cable drum, he instructed plaintiff to go up to the top platform on which the cable drum was located to make sure that the cable went onto the drum properly. Plaintiff's Deposition at 81, 155. Plaintiff climbed a ladder leading to the winch deck, and started walking toward the middle of the winch deck to a ladder leading to the top platform. That ladder was the normal and safe ladder to the top platform, and the ladder that plaintiff had used on prior occasions to get to the top platform. *Id.* at 148–49. Plaintiff noticed several longshoremen leaning against that ladder. *Id.* at 93–94. He decided not to ask them to allow him to pass but to take a different and manifestly dangerous route to the top platform where the cable drum was located. *Id.* at 143–47.

Plaintiff chose to climb up another ladder located on the port side of the winch deck. *Id.* at 99–101. That ladder, however, did not lead to the top platform. *Id.* at 104, 107. In order to reach the top platform using that ladder, plaintiff had to attempt to step off the ladder, while precariously perched some twenty-five feet above the main deck, place one foot on a narrow metal rung, and then leap to a small metal platform on top of the boomheel. *Id.* at 130–38. As plaintiff attempted to leap to the platform on top of the boomheel, his foot slipped and he fell to the deck. *Id.* at 138–39.

On a motion for summary judgment, the burden is on the moving party to demonstrate "that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence is to be construed in favor of the party opposing the motion. C. Wright & A. Miller, Federal Practice and Procedure § 2727, at 526–30 (1973).

Plaintiff asserts two bases of liability to support his claim. The first is that the presence of grease on the boomheel constitutes an unseaworthy condition or was the result of defendant's negligence. The second is that defendant negligently caused plaintiff to choose the dangerous route to the top platform that plaintiff attempted. Because the first theory is inadequate as a matter of law, and because no reasonable trier of fact could find sufficient facts to support liability under the second theory, defendant's motion for summary judgment must be granted.

The presence of grease on the boomheel cannot sustain a finding of liability. A shipowner's duty to maintain a seaworthy vessel "is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use." *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550, 80 S.Ct. 926, 933, 4 L.Ed.2d 941 (1960). Because the boomheel is used to hold the boom in place while allowing it to swivel, the presence of grease on it is neither an unseaworthy condition nor the result of defendant's negligence. Parts of the boomheel must be greased periodically in order to prevent friction and excessive wear. *See* Plaintiff's Deposition at 139–40. Although the fact plaintiff fell suggests that the boomheel was not fit for use as a means of getting from the winch deck to the top platform, a finding of grease on the boomheel would not sustain an inference that the boomheel was not reasonably fit for its intended use. Thus, the question of whether there was grease on the boomheel is not a material issue that precludes granting summary judgment.

Plaintiff also urges that defendant acted negligently (1) in ordering plaintiff to proceed to the top platform, and (2) by permitting the longshoremen to block the ladder from the winch deck to the top platform, and that those actions caused plaintiff to choose the precarious route he attempted. Plaintiff has alleged no facts, however, that would support a finding that defendant acted negligently in ordering plaintiff to proceed to the top platform. The bosun simply instructed plaintiff to "get up there and * * * make sure that cable's on straight." *Id.* at 155. The bosun did not instruct plaintiff to take the dangerous route plaintiff chose. *Id.* at 112–13. Nor does the presence of longshoremen around the base of the ladder from the winch deck to the top platform support an inference of negligence by the defendant. The longshoremen were not working on the ladder at the time. Plaintiff was simply reluctant to ask them to move aside so that he could proceed up the ladder. *Id.* at 144–45. Plaintiff has not alleged that the longshoremen would not have allowed him to use the ladder had he attempted to do so.

In a case presenting similar facts, *Peymann v. Perini Corp.*, 507 F.2d 1318 (1st Cir.1975), plaintiff stood on a metal railing while attempting to attach a pulley to the ceiling of the ship's engine room. He slipped from the rail and fell. The court of appeals upheld the trial court's charge to the jury and the resulting judgment for the defendant, stating that "if there was a ladder available which was the single means the [plaintiff] was supposed to use, * * * it would not be proper to hold the vessel responsible to any degree if [the plaintiff's] decision not to use it was his free choice." *Id.* at 1322. In the present case, plaintiff does not contest any of the following facts: that the ship provided a secure ladder from the winch deck to the top platform, that the ladder was available for use by the plaintiff, that plaintiff knew of and had used that ladder on prior occasions, and that plaintiff freely chose not to use that ladder but instead to attempt a dangerous method of reaching the top platform. Plaintiff has alleged no facts which suggest that either an unseaworthy condition or defendant's negligence in any way caused plaintiff's injuries.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.